UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIAC, INC.,

    Plaintiff,

v.

                                    Case No. 01-CV-72995-DT

FOUNDERS INSURANCE CO.,           HONORABLE DENISE PAGE HOOD

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM
AND
ORDER SETTING FINAL PRETRIAL CONFERENCE DATE**

**I.    BACKGROUND**

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim. A hearing was held on the matter on November 16, 2005. For the reasons set forth on the record and below, the Court denies Plaintiff's Motion to Dismiss Counterclaim.

The suit was originally assigned to the Honorable George E. Woods. On August 8, 2001, Defendant Founders Insurance Company removed the matter from the Wayne County Circuit Court. Defendant Founders filed an Answer to Plaintiff's Complaint, along with a Counterclaim against Plaintiff LIAC, Inc. Defendant Founders also filed a Third-Party Complaint against Look Insurance Agency of Alpena and Donna Lenar.

Judge Woods entered a Scheduling Order in the matter and the matter proceeded to discovery. A dispositive motion cut off was scheduled for August 15, 2002. Defendant Founders filed a Motion for Summary Judgment as to Plaintiff's Complaint on July 9, 2002, which was granted in part and denied in part in an Order entered February 19, 2003. On August 15, 2002, Third-Party Defendants also filed a Motion for Summary Judgment on the Third Party Complaint

filed by Defendant Founders, which was granted in an Order entered on December 6, 2002. Defendant Founders filed a second Motion for Summary Judgment as to Plaintiff's Complaint on April 11, 2003. Judge Woods granted Defendant Founders' Second Motion for Summary Judgment as to Plaintiff's Complaint in an Order filed March 11, 2004. Plaintiff did not file a dispositive motion as to the Counterclaim filed by Defendant Founders against Plaintiff.

On April 12, 2004, Plaintiff LIAC filed a Notice of Appeal from the Judgment against Plaintiff and the Order granting Defendant Founders' Motion for Summary Judgment. The matter was briefed before the Court of Appeals. At the hearing before the Sixth Circuit on April 26, 2005, the Honorable Martha Craig Daugherty announced that the Sixth Circuit did not have subject matter jurisdiction over the matter because no final order had been entered in the case since the Counterclaim had not been resolved. The Sixth Circuit dismissed the appeal for lack of subject matter jurisdiction.

On October 7, 2005, Plaintiff LIAC filed the instant Motion to Dismiss Counterclaim arguing that Defendant/Counter-Plaintiff has failed to prosecute its Counterclaim, or, alternatively, for lack of subject matter jurisdiction based on the Court's diversity jurisdiction. Defendant Founders has filed a response.

**II.     ANALYSIS**

    **A.     Failure to Prosecute**

Rule 41(b) of the Rules of Civil Procedure provides that a defendant may move for dismissal of an action against any claim against the defendant for failure to prosecute. Fed.R.Civ.P. 41(b) states:

> **(b)     Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order

2

>of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).  In addition to Rule 41(b), the trial court has the inherent power to control its docket in a number of ways, including the power to order dismissals of civil cases for lack of prosecution or where the prosecuting party does not diligently move the case to conclusion by obeying the court's pretrial orders to appear when required to do so.  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(the court has the inherent power to *sua sponte* dismiss a case for a party's inaction or dilatoriness of the party seeking relief) .  The Sixth Circuit has noted that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."  *Harris v. Callwood*, 844 F.2d 1254, 1256  (6th Cir. 1988).  Rule 41(b) allows a dismissal under this rule as an adjudication of the merits.  The Sixth Circuit has recognized that a dismissal under Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith.  *Knoll v. AT&T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999).  Notwithstanding *Link*, the Sixth Circuit, "like many others, has been extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court."  *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 367 (6th Cir. 1997)(quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir. 1992)).

Plaintiff LIAC claims that Defendant/Counter-Plaintiff Founders failed to prosecute its Counterclaim against Plaintiff LIAC.  The Counterclaim alleges that Plaintiff LIAC is liable for overpaid commissions paid by Defendant/Counter-Plaintiff Founders to Plaintiff/Counter-Defendant

LIAC. Plaintiff claims the parties vigorously litigated the claims alleged in the Counterclaim, including extensive discovery and dispositive motions. Plaintiff claims the parties never litigated the claims alleged in the Counterclaim and that the Counterclaim was essentially forgotten as Plaintiff/Counter-Defendant LIAC filed a Notice of Appeal after a Judgment against Plaintiff based on Defendant Founders' Motion for Summary Judgment. Plaintiff further claims that the Court appeared to have closed its file based on the Judgment. Even after the Sixth Circuit issued its Order dismissing the appeal for lack of subject matter jurisdiction, Plaintiff LIAC claims that Defendant/Counter-Plaintiff Founders has failed to take any steps to prosecute its Counterclaim.

In response, Defendant/Counter-Plaintiff claims that Judge Woods' failure to address the properly raised Counterclaim at the time the Court granted Defendant/Counter-Plaintiff Founders' Motion for Summary Judgment and Plaintiff/Counter-Defendant's failure to seek dispositive relief with regard to the Counterclaim prior to the entry of the Order and Plaintiff's filing of its Notice of Appeal have solely caused the current situation. Defendant/Counter-Plaintiff Founders claims it was incumbent upon Plaintiff/Counter-Defendant LIAC to file a dispositive motion on remand or seek a Status Conference as to a trial date. Plaintiff/Counter-Defendant has done neither.

This Court will not address Defendant/Counter-Plaintiff's argument that Judge Woods failed to properly raise the Counterclaim at the time the Court granted Defendant/Counter-Plaintiff's Motion for Summary Judgment, other than noting that, generally, it is the parties' duty to raise issues and facts in their dispositive motions–not the Court. It is noted that Defendant's Second Motion for Summary Judgment stated that there remained the "sole claim of violation of implied covenant of good faith and fair dealing" and Defendant sought to "dismiss *plaintiff's claim* in its entirety." (Docket No. 41, p. 1, Motion and p. 4, Brief) Neither Defendant nor Plaintiff mentioned the

4

Counterclaim in their briefs before Judge Woods.

As to the dismissal issue, Rule 41(b) states that involuntary dismissal may be granted for lack of prosecution. Addressing the lack of prosecution claim, it appears that the parties engaged in discovery. Defendant filed more than one dispositive motion in this case against Plaintiff. Plaintiff, however, did not file a dispositive motion as to the Counterclaim against it. Generally, in dispositive motion practice, the defendant usually files the dispositive motion. Because Plaintiff is the defendant in the Counterclaim, Plaintiff should have filed a dispositive motion on Defendant's Counterclaim against Plaintiff. It is disingenuous for Plaintiff to now argue that it was Defendant who has failed to prosecute its claim against Plaintiff, especially since Defendant filed two dispositive motions in this case and Plaintiff failed to file a dispositive motion on the Counterclaim. Generally, if no party files a dispositive motion in a case, the matter proceeds to trial. Even if Plaintiff's claim that Defendant did not engage in discovery as to the Counterclaim, Plaintiff could have filed a dispositive motion under Rule 56 that there is no genuine issue of material fact that Defendant overpaid commissions to Plaintiff, based on lack of evidence uncovered during discovery. Plaintiff's Motion to Dismiss based on failure to prosecute is denied.

      **B.**      **Lack of Subject Matter Jurisdiction over the Counterclaim**

Plaintiff alternatively argues that the Counterclaim should be dismissed because the Counterclaim sets forth a state law claim and fails to allege damages exceeding $75,000.00. In response, Defendant argues that the Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

A court may exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over "all other claims that are so related to the claims in the action within such original jurisdiction that they form

5

part of the same case or controversy" and that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Plaintiff's Complaint alleged various state law claims, including breach of contract claim, based on the Managing General Agency Agreement entered by the parties. The Court had original subject matter jurisdiction based on its diversity jurisdiction over the Complaint because the damages exceeded $75,000.00. Under § 1367, the Court may exercise supplemental jurisdiction over "other claims" related to the claims in the original Complaint. Here, the Counterclaim alleging overpaid commission is intertwined with the underlying Complaint involving the agreement between the parties. The Court will exercise its supplemental jurisdiction over the state law claims in the Counterclaim.

Because Plaintiff has not filed a dispositive motion on the Counterclaim and Plaintiff has not so requested in the instant motion, the Court will proceed to trial on the Counterclaim. All the dates in the Scheduling Order issued by Judge Woods have passed. No party has requested additional discovery. A final pretrial conference date was set by the Court at the hearing.

### III.    CONCLUSION

For the reasons set forth and on the record,

IT IS ORDERED that Plaintiff's Motion to Dismiss Counterclaim (**Docket No. 50, filed October 7, 2005**) is DENIED.

IT IS FURTHER ORDERED that a Final Pretrial Conference is scheduled for **Monday, December 12, 2005, 4:00 p.m.** The proposed Joint Final Pretrial Order pursuant to E.D. Mich. LR 16.2 must be submitted to Chambers by December 7, 2005. All parties with authority to settle must appear at the Conference. A trial date will be set at the Conference.

        /s/   DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: December 2, 2005

     I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2005, by electronic and/or ordinary mail.

        s/William F. Lewis
        Case Manager